UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ERIC JOHN BOWERS, ) <br> ) <br> Defendant. ) <br> _____) | Case No. 2:07-mj-00502-PAL-PAL <br><br> **ORDER** <br> **AND** <br> **REPORT OF FINDINGS** <br> **AND RECOMMENDATION** <br><br> (M/Dismiss - Dkt. #27) |

Before the court is the United States' Motion to Dismiss Without Prejudice (Dkt. #27). The defendant is charged by way of criminal Complaint (Dkt. #1) with four counts of bank robbery. The complainant, a Special Agent for the Federal Bureau of Investigation, appeared before the undersigned United States Magistrate Judge to swear out the complaint on August 7, 2007, and the case was, therefore, issued a magistrate judge case number. As the defendant is charged with felony offenses, the undersigned lacks jurisdiction to grant the government's motion. However, for the reasons set forth below, the court recommends that the motion to dismiss without prejudice be granted.

**FINDINGS**

1. The defendant ("Bowers") was arrested on August 16, 2007. See Warrant for Arrest and Return (Dkt. #4).

2. Bowers made an initial appearance before the Honorable Robert J. Johnston who appointed counsel and granted defense counsel's motion to commit the defendant for purposes of evaluation to assess his competency. See Order for Psychiatric Examination (Dkt. #8). The order required the United States Marshals Service to transport Bowers to a suitable facility to submit to a psychiatric examination and ordered that Bowers be held

/ / /

|   |   |   |
|---|---|---|
|   |   | in the facility for a reasonable period of time not to exceed forty-five days unless extended by further order of the court.  Id. |
|   | 3. | On September 25, 2007, the Honorable Robert J. Johnston entered an Order (Dkt. #9) granting the request of the warden of the federal detention center for an extension of time to complete the mental competency evaluation on Bowers. |
|   | 4. | A forensic evaluation concerning Bowers' competency was performed, and a report dated October 25, 2007 was provided to court and counsel for the parties.  See Sealed Psychiatric Report (Dkt. #11). |
|   | 5. | Bowers was returned to this district and made an initial appearance before the Honorable Lawrence R. Leavitt on December 10, 2007.  See Minutes of Proceedings (Dkt. #12). Counsel stipulated that Mr. Bowers was not competent to proceed.  Id.  The court made findings pursuant to 18 U.S.C. § 4241(d) and entered an Order (Dkt. #14) committing Bowers to the custody of the Attorney General for a reasonable period of time, not to exceed four months, for the purpose of attempting to restore him to competency.  Id. The order provided that the facility "shall attempt to restore Mr. Bowers to competency without forcible medication."  Id. |
|   | 6. | Bowers was transported to the Federal Bureau of Prisons U.S. Medical Center for federal prisoners in Springfield, Missouri, in compliance with the court's order for commitment to custody to attempt to restore competency.  A forensic report dated July 10, 2008 was prepared and provided to the court and counsel for the parties.  It was the opinion of the clinical staff that Mr. Bowers' medical condition had not so improved to permit him to be tried and that he was not likely to improve in the foreseeable future in the absence of involuntary administration of psychiatric medication. |
|   | 7. | Bowers was returned to the District of Nevada and appeared at a status conference before the undersigned on August 6, 2008.  See Minutes of Proceedings (Dkt. #16). |
|   | 8. | At the August 6, 2008 hearing, counsel requested an opportunity to confer in an effort to work out a resolution, and the court continued the matter for further proceedings to August 8, 2008. |

9. At the August 8, 2008 hearing, Government counsel indicated he did not intend to move to seek restoration of Bowers' competency through the administration of forcible medication and asked that Bowers be committed to custody of the Attorney General for an evaluation pursuant to 18 U.S.C. § 4246(a). See Minutes of Proceedings (Dkt. #18).

10. Defense counsel concurred with this request, and the court entered an Order for Commitment to Custody (Dkt. #17). The court made findings of fact concerning Mr. Bowers' competency and mental status based upon the forensic report that was submitted to the court and opposing counsel; committed Mr. Bowers to the care and custody of the Attorney General for an evaluation to determine whether he was presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily harm to another person or serious damage to property of another in accordance with 18 U.S.C. § 4246(a).

11. Mr. Bowers was transported and evaluated in accordance with 18 U.S.C. § 4246(a). The court and opposing counsel received a Risk Assessment Review Report from the U.S. Medical Center for Federal Prisoners in Springfield, Missouri. The report details Mr. Bowers' mental health status and indicated that civil commitment proceedings would be instituted in the District of Missouri where Mr. Bowers was committed to custody. See Risk Assessment Review Report which the court will order filed under seal.

12. The court conducted a status conference on November 7, 2008 with counsel. The defendant was not present. See Minutes of Proceedings (Dkt. #24). Counsel requested an opportunity to consult with one another concerning the appropriate manner in which to proceed given the evaluation and Risk Assessment Review Report opinions. Id. The court granted the parties' request and set a status conference for November 14, 2008. Id.

13. At the November 14, 2008 status conference, counsel for the government represented that the Special Assistant U.S. Attorney in the District of Missouri confirmed his intention to file a petition for the civil commitment of Mr. Bowers pursuant to 18 U.S.C. § 4246. See Minutes of Proceedings (Dkt. #25). Government counsel announced his intention to dismiss these proceedings once confirmation was received that a civil

commitment proceeding was instituted. The court, therefore, set this matter for a status conference on December 16, 2008, which was continued until December 30, 2008.

14. The government now moves to dismiss this case without prejudice, having confirmed that civil commitment proceedings have been initiated in the Western District of Missouri in case number 6:08-cv-03431-RED.

Based on the foregoing findings,

**IT IS THE RECOMMENDATION** of the undersigned United States Magistrate Judge that the government's Motion to Dismiss Without Prejudice (Dkt. #27) be GRANTED.

Having reviewed and considered the matter,

**IT IS ORDERED:**

1. The Clerk of the Court shall file the July 24, 2008 letter, and attached July10, 2008 Forensic Report under seal.
2. The Clerk of the Court shall file the October 20, 2008 letter, and attached October 9, 2008 Risk Assessment Review Report under seal.
3. The Clerk of the Court shall refer this matter to the Chief Judge for consideration and/or assignment of the government's motion to dismiss without prejudice.
4. The December 30, 2008 status hearing is VACATED.

Dated this 24th day of December, 2008.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE